UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY DONNELL BROOKS,
        Plaintiff,

v.                                Case No. 15-cv-564-pp

COMPLETE WAREHOUSE &
DISTRIBUTION LLC, JOHN ARCURI,
MIKE MILLER, RON MALVIC,
REBECCA VUCKOVIC, JIM HANSON, and
RONALD NEUMTH,
        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT (DKT. NO. 43) AND DENYING
PLAINTIFF'S MOTION TO ENLARGE RECORD ON APPEAL (DKT. NO. 50)**

---

After this court granted the defendants' motion to dismiss for failure to state a claim, the plaintiff filed a motion to alter or amend judgment, dkt. no. 43, a supporting brief, dkt. no. 44, a notice of appeal, dkt. no. 45, and a motion to enlarge the record on appeal, dkt. no. 50.

The plaintiff amended his complaint three times during the twenty-four months that his case was pending. Despite this fact, the plaintiff failed to file a complaint that stated a viable federal claim. While the plaintiff's motion to alter or amend judgment is extensive, and consists mostly of quotes from the court's order granting judgment on the pleadings, the final paragraph suggests that the plaintiff believes that the court should have placed more weight on his Rule 26(f) plan than on his complaint. Dkt. No. 44 at 10. The plaintiff also cites a

1

Ninth Circuit case regarding consolidation, and Rule 42(b), although it is not clear what the plaintiff believes this court should have consolidated. Because the plaintiff has not established a basis for altering or amending the judgment or enlarging the record on appeal, the court will deny both motions.

### A.    Procedural History

On May 11, 2015, the plaintiff filed a complaint against Complete Warehouse & Distribution LLC and various individual defendants, alleging various causes of action related to racial discrimination. Dkt. No. 1. The court granted in part the plaintiff's motion for leave to proceed *in forma pauperis*, required the plaintiff to pay a $100 filing fee, and denied without prejudice his motion to appoint counsel. Dkt. No. 6. A couple of months later, the plaintiff amended his complaint. Dkt. No. 7. Three months later, the court granted the plaintiff leave to amend the complaint, and denied without prejudice his second motion for appointment of counsel. Dkt. No. 9.

Following the December 14, 2015 scheduling conference, the plaintiff filed another amended complaint, listing seven causes of action. Dkt. No. 16. The court gave the plaintiff permission to file this second amended complaint. The court stated, however, that because the first and second amended complaints each had consisted of only of a one-paragraph list of causes of action, without including any facts explaining what it was the plaintiff asserted that the defendants had done, it was going to require the plaintiff to file a third amended complaint. Dkt. No. 17. The court required the plaintiff to file a third amended complaint because it concluded that it would be an "insurmountable

task" for the defendants to figure out how to respond to the second amended complaint. Id. at 3. The court gave the plaintiff specific instructions regarding how to prepare the third amended complaint, along with a clean complaint form. Id. The plaintiff timely filed the third amended complaint. Dkt. No. 19.

The defendants answered the third amended complaint, dkt. no. 20, and the court conducted the Rule 16 scheduling conference, dkt. no. 21. About forty-five days later, however, the defendants filed a motion to dismiss, or alternatively, a motion for summary judgment. Dkt. No. 22. (The defendants asked the court to give the plaintiff additional time to respond after realizing they had sent their motion to the wrong address. Dkt. No. 28. The court granted that motion. Dkt. No. 29.)

Three days after the deadline, the plaintiff filed a motion for default and alternative motion for default judgment. Dkt. No. 31. The plaintiff also filed a "motion to share exhibits," asking that the court share twenty-four exhibits with the defendants, because he did not have the money to copy them. Dkt. No. 30. Assuming that the plaintiff did not understand that he needed to respond to the motion to dismiss, the court denied the motion for default and default judgment, but granted the plaintiff an additional extension of time to respond to the motion to dismiss/motion for summary judgment. Dkt. No. 33. The plaintiff finally did file a response (which the court received four days after the deadline it had set), dkt. no. 35, and the defendants filed a reply, dkt. no. 36.

The court construed the defendants' motion as a motion for judgment on the pleadings under Rule 12(c) and granted it. Dkt. No. 41. The court entered judgment on January 13, 2017. Dkt. No. 42.

**B.    Plaintiff's Motion to Alter or Amend Judgment (Dkt. No.43)**

On February 8, 2017, the plaintiff timely filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure; in support of the motion, he cited "pretrial conference error." Dkt. No. 43. Two days later, the plaintiff filed a notice of appeal. Dkt. No. 45.

To prevail on a motion to alter or amend judgment under Rule 59(e), the "movant must present either newly discovered evidence or establish a manifest error of law or fact." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995)). "Manifest error" means the "wholesale disregard, misapplication, or failure to recognize controlling precedent," not simply disappointment of the losing party. Id. Rule 59 is not a tool for parties to relitigate arguments or present new evidence that a party could have raised initially. Sigsworth v. City of Aurora, 487 F.3d 506, 512 (7th Cir. 2007). The decision to grant a Rule 59(e) motion lies in the sound discretion of this court. See Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's Rule 59(e) motion does not describe any newly discovered evidence. Rather, he argues that the court should have considered his Rule 26(f) plan as the complaint, and should have performed the duties a court is required to perform at the pretrial conference. Dkt. No. 44 at 10.

4

The plaintiff filed two complaints before he filed his Rule 26(f) plan. The court did not review the initial complaint, dkt. no. 1, because the plaintiff filed a first amended complaint on the same day he paid the filing fee, dkt. no. 7. The defendants answered the first amended complaint. Dkt. No. 11. The plaintiff then filed his Rule 26(f) statement, which he argues the court should have treated as a complaint. Dkt. No. 13.

After the Rule 16 scheduling conference, the plaintiff filed another amended complaint. Dkt. No. 16. On May 30, 2016, the court issued an order treating that filing as a motion for leave to amend the complaint, and granting the motion. Dkt. No. 17. The court stated, however, that it was going to require the plaintiff to file a third amended complaint, because neither the first nor the second amended complaint explained what it was that each defendant had done to violate the plaintiff's rights. In the order, the court stated:

> In other words, the plaintiff must take a clean copy of the complaint form, must insert the word "Third Amended" in front of the word "Complaint" in the title, and then must list, in numerical order: (a) each cause of action he wants to bring; (b) the names of each defendant against whom he brings that particular cause of action; and (c) the particular facts that he believes show that that defendant (or those defendants) violated the law alleged in that cause of action. The court is attaching a clean copy of the complaint form, as well as the guide for people who are filing cases without a lawyer, in the hope that this will assist the plaintiff in filing a second amended complaint that both the court and the defendants can follow, and that the defendants can respond to.

Id. at 3-4.

The plaintiff did file a third amended complaint. Dkt. No. 19. This was the fourth complaint he'd filed in the case, and the one on which the court granted the defendants' motion for judgment on the pleadings.

Now, in his Rule 59(e) motion, the plaintiff argues that the court should have construed his Rule 26(f) plan as a complaint, because it contained a "concise factual summary" of his claims. Dkt. No. 44. In fact, however, the Rule 26(f) plan stated the following:

> Complete Warehouse and Distribution was negligence; failure to prevent racial harassment in the work place, gross negligence and negligence in response to racial harassment, intentional infliction of emotional distress, hostile work environment based upon racial discrimination in violation of 42 U.S.C. 1981, disparate treatment based upon racial discrimination in violation of 42 U.S.C. 1981, hostile work environment based upon racial discrimination in violation of Title VII and disparate treatment based upon racial discrimination in violation of Title VII.

Dkt. No. 13 at 1.

The Rule 26(f) plan, then, suffers from the same deficiencies as the first, second and third amended complaints. It lists causes of action. But it does not explain what the defendants did to the plaintiff. Who subjected the plaintiff to racial harassment? When? Where? How many times? What was the harassment? How did Complete Warehouse know about the harassment? None of the complaints, nor the Rule 26(f) plan, contained this information. For this reason, it was not manifest error of law or fact for the court to conclude that the plaintiff had failed to state a viable claim.

The plaintiff also argues that the "law requires the court at pretrial conference to review the facts and documents to avoid unnecessary proof, and

6

ruling in advance on admissibility of evidence." It is not clear what the plaintiff means by "pretrial conference." The court conducted a *scheduling* conference under Fed. R. Civ. P. 16; that took place on December 14, 2015. Dkt. No. 15. At that hearing, the court talked extensively with the plaintiff about how civil litigation worked. The court never conducted a final pretrial conference, however—the kind where the court would review the order of proof at trial, and make plans to avoid cumulative evidence, and make pretrial rulings on the admissibility of evidence. The court would have held such a conference, if the plaintiff ever had filed a complaint that stated a claim that survived summary judgment and could proceed to trial. But that occasion never arose.

Toward the end of his motion, the plaintiff also argues—for the first time—that he has an implied cause of action, and he cites <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) in support of this claim. Dkt. No. 44 at 8. It is not clear what the plaintiff means by this assertion; the plaintiff never has alleged that any of the defendants were persons acting under color of federal law. He also mentions consolidation and Federal Rule of Civil Procedure 42(b). The court does not know what the plaintiff believes the court should have consolidated—he had only one case before the court. Perhaps he means to argue that the court should have consolidated all of his complaints and the Rule 26(f) plan into one big pleading; even if the court had done so, that would not have provided the factual bases for the plaintiff's claims. And Rule 42(b) provides for a court to order separate trials of various claims or issues; the court dismissed the plaintiff's case, not

because his claims needed to be tried separately, but because he did not state any bases for his claims.

The plaintiff has not demonstrated that the court committed a manifest error of law or fact when it granted the defendants' motion for judgment on the pleadings. The court will deny the plaintiff's Rule 59(e) motion to alter or amend the judgment.

### C. Plaintiff's Motion to Enlarge Appeal Record (Dkt. No. 50)

The plaintiff has filed a motion to enlarge the appeal record to include "documents that may have not been filed with 10-24-16 exhibits. Total Exhibits 24 Added." Dkt. No. 50 at 1. The court granted plaintiff's October 24, 2016 motion to share twenty-four documents, dkt. no. 30, which he filed along with his motion for default and default judgment. Dkt. No. 33.

Federal Rule of Appellate Procedure 10(e)(1) states, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. 10(e); see also Cir. Rule 10(b). Many of the documents the plaintiff asks to add to the record on appeal already appear on docket, due to this court's order granting the plaintiff's "motion to share." He does ask, however, that the court add to the appellate record some items that were not among the ones he asked the court to "share." These documents include letters from defense counsel regarding filings and fax cover sheets from the attorneys in the underlying administrative proceedings. Those documents could not have formed the basis for the court's decision to enter

8

judgment on the pleadings, and would not have affected the court's decision even if the plaintiff had provided them before the court entered judgment. Because the plaintiff does not need to add already-filed documents to the appellate record, and because any documents he did not file before judgment are irrelevant to his appeal, the court will deny the plaintiff's motion to enlarge the appellate record.

### D. Conclusion

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 43.

The court **DENIES** the plaintiff's motion to enlarge appeal record. Dkt. No. 50.

Dated in Milwaukee, Wisconsin, this 30th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge